# UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS

| | |
|---|---|
| Rameika Boyd<br><br>Plaintiff,<br><br>V.<br><br>Experian Information Solutions, INC.,<br><br>Defendant. | Case No.<br><br><br><br>JURY TRIAL DEMANDED. |

## INTRODUCTION

1. This is an action for statutory, actual, and punitive damages arising from Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Experian failed to provide Plaintiff with a complete and accurate disclosure of all information contained in her consumer file, as required by 15 U.S.C. § 1681g(a).

3. Experian's failure to disclose complete account identifiers, historical data, and internal reporting codes directly interfered with Plaintiff's ability to identify, investigate, and dispute inaccurate and harmful credit information, causing financial injury, emotional distress, and denial of credit.

# UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under federal law.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Massachusetts and a substantial part of the events giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff Rameika Boyd is a natural person and resident of the Commonwealth of Massachusetts.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), with its principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626.

## FACTUAL ALLEGATIONS

9. On or about August 05, 2025, Plaintiff requested a copy of her consumer disclosure from Experian through the official channel www.annualcreditreport.com.

**UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS**

10. Experian responded by providing Plaintiff with a digital disclosure purporting to represent her complete consumer file.

11. The disclosure provided by Experian omitted critical information, including but not limited to:

- Full account numbers or complete identifiers.
- Internal account or portfolio codes.
- Complete historical payment data.
- Dates of first delinquency.
- Complete status histories from multiple furnishers.

12. These omissions prevented Plaintiff from determining the nature, accuracy, ownership, and legal validity of several negative tradelines reported in her file.

13. As a direct result of Experian's incomplete disclosure, Plaintiff was unable to meaningfully investigate or dispute inaccurate, obsolete, or misreported accounts, including accounts that may have been unauthorized or unlawfully reported.

14. On or about August 2019 Plaintiff applied for Bank of Missouri/Total Card and was denied credit, with the adverse action citing negative information obtained from Experian.

15. Because Experian failed to disclose full account details, Plaintiff could not identify or challenge the information relied upon in the credit decision.

16. Experian's conduct caused Plaintiff significant emotional distress, including:

- Anxiety and mental anguish.
- Loss of sleep.
- Frustration and humiliation associated with unexplained credit denials.

17. Plaintiff also suffered financial harm, including:

- Loss of credit opportunities.

- Out-of-pocket expenses related to credit repair assistance.

- Time and effort expended attempting to correct undisclosed errors.

18. 15 U.S.C. § 1681g(a) requires a consumer reporting agency to disclose all information in the consumer's file at the time of the request, clearly and accurately.

19. Plaintiff reasonably believes that Experian possesses the omitted data internally, as such information is routinely furnished to creditors, debt collectors, and third-party users of consumer reports.

20. Experian's practice of withholding full account information from consumer disclosures—while providing more complete data to third parties is systemic, intentional, and designed to limit consumer disputes.

21. The Federal Trade Commission has confirmed that withholding material account information from a consumer disclosure violates § 1681g(a). *See* FTC Advisory Opinion (Darcy, June 30, 2000).

22. Courts have consistently recognized that consumer reporting agencies must disclose all information in the file, without abbreviation or omission.

23. Experian's violations were willful, or in the alternative, reckless and negligent, entitling Plaintiff to statutory, actual, and punitive damages.

UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS

## COUNT I VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681g(a)

(Failure to Disclose Complete File Information)

24. Plaintiff realleges and incorporates paragraphs 1–23 as if fully set forth herein.

25. Experian violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information contained in Plaintiff's consumer file.

26. Experian's violations caused Plaintiff actual damages, emotional distress, and loss of credit opportunities.

27. Plaintiff is entitled to relief pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

- Award statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

- Award actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

- Award punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

- Award costs and reasonable fees as permitted by law;

- Grant such other and further relief as the Court deems just and proper.

**UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 15, 2026

Respectfully submitted,

Rameika Boyd

5 Gerry Rd.

Chestnut Hill, MA 02467

Boyd1986r@gmail.com

*Pro Se Plaintiff*

## EXHIBITS

- **Exhibit A:** Experian Consumer Disclosure – August 05, 2025
- **Exhibit B:** FTC Advisory Opinion (Darcy, June 30, 2000)
- **Exhibit C:** Screenshots or notes showing missing identifiers and histories